UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JON ROBERT PERROTON,<br><br>　　　　　　　Petitioner,<br><br>　　　　v.<br><br>RAYMOND ANDREWS,<br><br>　　　　　　　Respondent. | 1:04-CV-5500 OWW SMS HC<br><br>**ORDER DISMISSING MOTION FOR HABEAS CORPUS AS MOOT.** |
|---|---|

　　　Jon Perroton ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus on March 29, 2004. Doc. 1. He later also petitioned for emergency injunctive relief. Doc. 16, July 13, 2004. On July 28, 2004, Magistrate Judge Sandra M. Snyder issued Findings and Recommendations ("F&R") concerning these petitions. However, as explained below, the arguments raised in Perroton's petition were rendered moot only a few days after the issuance of the F&R. Moreover, Petitioner was apparently released from custody on October 19, 2004. For those reasons, his petition is **DISMISSED AS MOOT.**

//
//
//

1

**DISCUSSION**

Perroton entered a plea of guilty in the United States District Court for the Northern District of Caliofnia on April 8, 1985, and was sentenced to twenty years of incarceration on June 21, 1985.  Petitioner was released from custody on September 13, 1996.  However, he was re-arrested for supervised release violations on August 20, 2002, and was sentenced to twenty-six months of imprisonment.  His new parole date was set at October 19, 2004.

Initially, Petitioner was informed that he would be released into a Community Corrections Center ("CCC") on April 21, 2004. This release date was later changed to August 2, 2004, pursuant to a new Bureau of Prisons ("BOP") interpretation of 18 U.S.C. § 3624(c), which requires BOP "to the extent practicable, permit a prisoner to spend the lesser of six months or the last 10% of his sentence in a facility that will assist in the preparation for reentry into the community."  BOP contends that the statute limits its ability to place an inmate into a CCC to the last six months or 10% of his or her term of confinement, no earlier.  At the time Perroton filed his Petition and later his motion for injunctive relief, he had not yet served 90% of his sentence. However, by August 2, 2004, only a few days after the issuance of the F&R, Perroton reached the 90% mark.  Accordingly, the BOP interpretation of § 3624(c) was no longer applicable to Perroton, rendering his petition moot.

In addition, Petitioner was released from custody on October 19, 2004.  A petition for habeas corpus is rendered moot when the petitioner is released from custody, unless petitioner is able to

**2**

demonstrate that some collateral, ongoing consequence would result without habeas relief.  *See Spencer v. Kemma*, 523 U.S. 1, 14 (1998).  Here, no such collateral consequence is alleged.

Accordingly, the petition for a writ of habeas corpus is **DISMISSED AS MOOT.**

Dated: August 10, 2005

/s/ OLIVER W. WANGER
_____
**OLIVER W. WANGER
United States District Judge**